## HASKELL MAXWELL v. THE STATE.

No. 15448.   Delivered January 18, 1933.
Rehearing Denied April 12, 1933.
Reported in 58 S. W. (2d) 822.

The opinion states the case.

*Robert H. Hopkins,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant challenges the sufficiency of the evidence. This is the only question presented. The state relied for conviction on circumstantial evidence.

The offense is claimed to have occurred on the night of the 14th of September, 1931. Two officers of the city of Denton testified for the state. R. L. McGalliard, one of said officers, testified substantially to the following facts: That he had known the appellant for five or six years. He saw the appellant on the 14th day of September, 1931, at night after 12 o'clock. That the appellant was at the northwest corner of the aviation field when he first saw him. That Clint Starr and Tom Price were with the witness at the time. They were traveling in the city's Ford. That Clint Starr and he were riding on the front seat and he, the witness, was driving, and Price was on the back seat. When he first saw the appellant he was on a lane that leads along the aviation field. That the appellant was in a single seated Buick coupe and it was standing still when he first saw him and was headed south. That appellant began to travel at the time they met him and he hollered for him to stop. The back part of appellant's car was down at the time. That the appellant didn't stop but speeded up and he then turned around and followed him. That the appellant turned west and was about five or six hundred yards ahead of the officers when they turned around. That the appellant continued to go down the road something like half a mile and he then turned to the left and they followed him. That the appellant was driving about fifty or sixty miles an hour and they probably were not traveling that fast. When the appellant turned, he was going south and he then turned west and traveled something over half a mile and then turned southeast. That the road that turned south makes an angle and turns back southeast. That he did not keep in sight of appellant all the time but lost sight of him just a fraction of a miute when he turned. The witness then turned the car he was driving and saw the appellant stop about fifty or sixty yards from the corner. That the appellant's car was sitting in the ditch on the east side of the road. That the appellant was up on the bank of the ditch. That at the first glance appellant was stooping over near the fence and he saw the appellant run back immediately and get in his car. That he then drove his car over to where appellant was and asked him to get out of the car. Appellant backed out of the ditch ten or fifteen

feet. That when they asked him to stop he stopped his car. At the time the turtle back of appellant's car was up and he, the witness, looked in the back end of appellant's car and saw about six dozen bottles in there in cartons. They were similar to beer bottles and were empty. That the appellant then drove his car out into the road, probably fifty yards and then let down the cover. That there was no one with the appellant at the time and no one was with the appellant any time during the time he had testified about. When the appellant left, they found twelve half gallon fruit jars full of whisky just about where appellant had stooped over near the fence. They found this whisky probably 12 feet from the point where he first saw the appellant's car stop. That they found the whisky almost at the same place where he saw him stoop over. That the half gallon jars were in the original cartons and they were all new jars. Some of the jars had spilt out on the ground and he picked up some of those jars and they were all warm. He testified further that at the time they first saw the appellant in his car the cover to the back was down.

The witness Clint Starr testified substantially to the same facts.

The appellant testified that he had gone to Fort Worth on September 14 and had taken a man and his wife who were looking for a job. While he was in Fort Worth, he purchased four cases of bottles, two cases of beer bottles and two cases of pint bottles; that his purpose in getting the bottles was that he was selling them in connection with a domino hall and sandwich stand he ran. He further testified that a woman had asked him to take her home and she had just gotten out of the car a short time before the officers testified that they met him; that he was going home at the time they met him and he did not hear they call upon him to stop. When he got to the turn in the road, he saw that he was not going to make the turn fast and he slowed down to twenty or twenty-five miles an hour and he was never driving very fast. When he went to turn the corner, he hit the light connection with his elbow and turned the lights out and his car went into the ditch on the side of the road and ran up against the bank and stopped; that he never did get out of the car, and the turtle back on his car was down at the time and would not stay up on its own accord, and when his car stopped he merely started his engine and backed out of the ditch. He denied that he put a case of whisky out in the weeds or that he knew anything about a case of whisky being out in the weeds; that it wasn't his whisky

that they found; that he didn't haul the whisky they found or any other whisky. As to the purchase of the beer and whisky bottles in Fort Worth, he was corroborated by the parties who were with him in Fort Worth on that day; also as to the fact that the turtle back of his car wouldn't stay up.

The appellant has cited a number of cases in support of his contention that the evidence is insufficient to support a conviction. All of said cases cited deal with a different state of facts than is presented in this case. So far as determining the sufficiency of the evidence to support a conviction in a case depending solely upon circumstantial evidence, each case is a rule unto itself and is to be determined upon its peculiar circumstances. All of the facts and circumstances are to be taken together as proved. The trial court in his charge to the jury gave a full and complete charge as to what was meant by circumstantial evidence and what was necessary to be proven in order to sustain a conviction where the state relied upon circumstantial evidence alone. Considering all the facts and circumstances in evidence, we have concluded upon a careful analysis of the facts that they were sufficient to support the verdict.

The judgment of the trial court will therefore be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The circumstances justify the conclusion that the appellant was in possession of about a dozen half gallon jars, each full of whisky. Likewise, the evidence is sufficient to justify the conclusion that the whisky was brought, that is, transported, by the appellant to the place where it was found.

The position taken by the appellant in the motion for rehearing is that it cannot be told from the evidence whether the appellant transported the whisky or whether he merely possessed it. We entertain the opinion, however, that the evidence is sufficient to support the conviction for the transportation of intoxicating liquor.

The motion for rehearing is overruled.

*Overruled.*